1   DAVID R. EBERHART (S.B. #195474)
    deberhart@omm.com
2   **O'MELVENY & MYERS LLP**
    Two Embarcadero Center, 28th Floor
3   San Francisco, CA 94111
    Telephone: (415) 984-8700
4   Facsimile:  (415) 984-8701

5

6   *Attorney for Defendants Apple Inc. and Apple Distribution*
    *International Ltd.*

7

8                  **UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10                      **SAN JOSE DIVISION**

11

12  MARK MAHON,                          | **Case No. 5:20-cv-01523-BLF**

                Plaintiff,               | **ADMINISTRATIVE MOTION OF APPLE**
13                                       | **INC., ENTERTAINMENT ONE US LP,**
         v.                              | **GOOGLE LLC AND MAINSAIL LLC TO**
14                                       | **CONSIDER WHETHER CASES SHOULD**
    MAINSAIL LLC, et al.,                | **BE RELATED PURSUANT TO CIVIL L.R.**
15                                       | **3-12 AND 7-11**
                Defendants.
16

17                                         Judge: Hon. Beth Labson Freeman

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Civil Local Rules 3-12 and 7-11, defendants Apple Inc.,[1] Entertainment One US LP,[2] Google LLC[3] and Mainsail LLC[4] (collectively, "the Defendants") named in the below-listed actions (the "Actions"), hereby move this Court to consider whether the following Northern District of California cases should be related:

- *Mahon v. Mainsail LLC, et al.*, Case No. 5:20-cv-01523-BLF
- *Mahon v. YouTube LLC, et al.,* Case No. 3:20-cv-01525-SK
- *Mahon v. Entertainment One US LP, et al.*, Case No. 4:20-cv-01527-SBA
- *Mahon v. Alphabet Inc., et al*., Case No. 3:20-cv-01530-JSC
- *Mahon v. Apple Inc., et al.*, Case No. 4:20-cv-01534-JSW

True and correct copies of the operative complaints in each of the Actions are submitted with this motion, attached as exhibits to the Declaration of David R. Eberhart.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants respectfully request that the court deem the Actions to be related pursuant to Civil Local Rule 3-12 and assigned to the Hon. Beth Labson Freeman, the judge assigned to the lowest-numbered case.

### I.   LEGAL STANDARD

Civil Local Rule 3-12 ("Local Rule 3-12") requires a party that knows or learns that an action is related to another action that is or was pending in this district to "file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11." Civil L.R. 3-12(b). An action is related to another action when the following

---

[1]  Case No. 4:20-cv-01534-JSW names as defendants Apple Inc.; iTunes Store; and Apple Distribution International Ltd. (referred to herein as "Apple").

[2] Case No. 20-cv-01527-SBA names as defendants Entertainment One US LP; Entertainment One Licensing US, Inc.; Entertainment One Ltd.; and E1 Entertainment UK Ltd. (referred to herein as "Entertainment One").

[3] Case No. 3:20-cv-01525-SK names as defendants YouTube LLC and "Google LLC. D/B/A You Tube" and Case No. 3:20-cv-01530-JSC names as defendants Alphabet Inc.; Google LLC; and Google Play (referred to herein as "Google").

[4] Case No. 5:20-cv-01523-BLF names as defendants Mainsail LLC; Shoreline Entertainment, Inc.; and Sam Eigen, an individual (referred to herein as "Mainsail").

two conditions are met: (i) "[t]he actions concern substantially the same parties, property, transaction or event;" and (ii) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a).

## II.    THE ACTIONS SHOULD BE DEEMED RELATED UNDER LOCAL RULE 3-12

Defendants submit that the Actions meet the requirements set forth in Local Rule 3-12 and, accordingly, should be deemed related.

First, "[t]he actions concern substantially the same parties, property…and event[s]." Civil L.R. 3-12(a).  Each of the substantially similar complaints was filed by Mark Mahon, a self-described "writer, producer and director based in Cork, Ireland." (Mainsail Compl. ¶ 7; YouTube Compl. ¶ 6; Entertainment One Compl. ¶ 7; Alphabet Compl. ¶ 6; Apple Compl. ¶ 7).  In addition, in each of his complaints, Mr. Mahon alleges that the named defendants infringed certain of his alleged rights in the film *Strength and Honor* (the "Film"). (Mainsail Compl. ¶¶ 22-25, 56-70; YouTube Compl. ¶¶ 13-16, 40-53; Entertainment One Compl. ¶¶ 16-19, 44-58; Alphabet Compl. ¶¶ 14-17, 42-55; Apple Compl. ¶¶ 14-17, 44-57).  Further, Mr. Mahon's theory of infringement set forth in each action is based on a series of events that includes each of the defendants named in the Actions.  In particular, Mr. Mahon alleges that:

- In 2006, Mr. Mahon assigned his rights in the Film to Maron Pictures, which, in 2009, assigned to Mainsail the right to distribute the film in all global territories except for North America and Ireland. (Mainsail Compl. ¶¶ 26, 28; YouTube Compl. ¶¶ 17, 19; Entertainment One Compl. ¶¶ 20, 22; Alphabet Compl. ¶¶ 18, 20; Apple Compl. ¶¶ 18, 20).

- Following this assignment, on May 16, 2009, Mainsail granted Entertainment One all linear distribution rights in the Film, including by all means of downloading and streaming, for a 15 year term beginning in early 2010.  (Mainsail Compl. ¶ 28; YouTube Compl. ¶ 36 & Ex. 41; Entertainment One Compl. ¶ 41 & Ex. 42; Alphabet Compl. ¶ 36 & Ex. 40; Apple Compl. ¶ 41 & Ex. 43).

- Around 2010, when the Film was released in Ireland and Europe, a dispute arose

2

between Mr. Mahon and Mainsail relating to the Film's release, and Mr. Mahon later filed a state court action against Mainsail in California, in which judgment was entered in favor of Mainsail.  (Mainsail Compl. ¶¶ 29-53; YouTube Compl. ¶¶ 20-31; Entertainment One Compl. ¶¶ 23-34; Alphabet Compl. ¶¶ 21-32; Apple Compl. ¶¶ 21-32).

- Prior to filing this action, on October 1, 2015, Mr. Mahon sent Maron Pictures a Notice of Contract Revocation, which he purports revoked all of Maron Pictures' rights in the film.  (Mainsail Compl. ¶ 42; YouTube Compl. ¶ 28; Entertainment One Compl. ¶ 31; Alphabet Compl. ¶ 29; Apple Compl. ¶ 29).

- Entertainment One licensed the rights in the film to Google and Apple, which, at certain times, seemingly made the Film available for streaming and download on their respective film distribution platforms.  (Mainsail Compl. Ex. 38; YouTube Compl. ¶¶ 34-39; Entertainment One Compl. ¶¶ 39-43; Alphabet Compl. ¶¶ 35-41; Apple Compl. ¶¶ 35-43).

Accordingly, because the Actions concern the same properties, parties and events, the first prong of Local Rule 3-12 has been met.

Second, "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civil L.R. 3-12(a).  The Actions make substantially similar allegations against each of the defendants named therein.  As such, they will implicate similar factual and legal issues relating to the events alleged by Mr. Mahon, including: (i) whether Maron Pictures properly assigned distribution rights in the Film to Mainsail; (ii) whether Mainsail properly granted the linear distribution rights in the Film to Entertainment One; (iii) whether Entertainment One properly licensed the film for streaming and download to Apple and Google; (iv) whether Mr. Mahon properly terminated his assignment of the Film to Maron Pictures; (v) if Mr. Mahon did properly terminate his assignment to Maron Pictures, what, if any, effect this would have on the licenses granted to Mainsail, Entertainment One, Apple and Google, all of which preceded such purported termination; (vi) what effect, if any, Mr. Mahon's California state court litigation against Mainsail has on the issues and claims raised

3

1   in the Actions; (vii) whether the alleged events resulted in infringement liability for the

2   Defendants.

3   Accordingly, there will necessarily be significant overlap with respect to the evidence that

4   will be required in each of the Actions, and, therefore, the discovery that will be sought by the

5   parties.  This includes evidence and discovery relating to: (i) the governing agreements between

6   Mr. Mahon and Maron Pictures, Maron Pictures and Mainsail, Mainsail and Entertainment One,

7   and Entertainment One and Apple and Google, respectively; (ii) Mr. Mahon's purported

8   termination of his agreement with Maron Pictures; (iii) Mr. Mahon's previous action against

9   Mainsail; (iv) actual damages suffered by Mr. Mahon resulting from any alleged infringement;

10  and (v) information concerning the total number of downloads and streams of the Film on Apple

11  and Google's film distribution platforms.

12  Given the factual and legal overlap of the actions, and the role each defendant plays in the

13  series of events that Mr. Mahon alleges as his theory of infringement, there will be an unduly

14  burdensome duplication of labor and expense—and a significant risk of inconsistent decisions and

15  conflicting results—if the five Actions are handled by five different judges.  Relating the Actions

16  will help prevent inconsistent pretrial rulings and conserve the resources of the plaintiff, the

17  defendants' counsel, and the judiciary.  The second prong of Local Rules 3-12 has therefore been

18  met.

19  **III.    CONCLUSION**

20  For the foregoing reasons, Defendants request that the Court designate the Actions as

21  related and that they be assigned to the judge in the lowest-numbered case.

22

23

24  DATED: April 8, 2020

O'MELVENY & MYERS LLP

25  By: */s/ David R. Eberhart*

26  **O'MELVENY & MYERS LLP**
    DAVID R. EBERHART

27  deberhart@omm.com
    Two Embarcadero Center, 28th Floor

28  San Francisco, CA 94111

4

1    Telephone: (415) 984-8700
     Facsimile:  (415) 984-8701
2
     *Attorney for Defendant Apple, Inc.*
3    DATED: April 8, 2020

4    MAYER BROWN LLP

5    By: */s/ A. John P. Mancini*

6    **MAYER BROWN LLP**
     A. JOHN P. MANCINI
7    jmancini@mayerbrown.com
     OLENA V. RIPNICK-O'FARRELL
8    oripnick-ofarrell@mayerbrown.com
     1221 Avenue of the Americas
9    New York, NY, 10020-1001
     Telephone: (212) 506-2500
10   Facsimile:  (212) 262-1910

11   GRAHAM (GRAY) BUCCIGROSS (234558)
     gbuccigross@mayerbrown.com
12   Two Palo Alto Square, Suite 300
     3000 El Camino Real
13   Palo Alto, CA  94306-2112
     Telephone: (650) 331-2000
14   Facsimile:  (650) 331-2060

15   *Attorneys for Defendants YouTube LLC and
     Google LLC*
16   DATED: April 8, 2020

17   WINSTON & STRAWN LLP

18   By: */s/ Thomas James Kearney*

19   **WINSTON & STRAWN LLP**
     THOMAS JAMES KEARNEY
     TKearney@winston.com
20   101 California Street
     San Francisco, CA 94111
21   New York, NY, 10020-1001
     Telephone: (415) 591-1000
22   Facsimile:  (415) 591-1400

23   *Attorney for Defendant Entertainment One US LP*
     DATED: April 8, 2020
24
25   CHARNLEY RIAN LLP

26   By: */s/ Richard L. Charnley*

27   **CHARNLEY RIAN LLP**
     RICHARD L. CHARNLEY
     rlc@charnleyrian.com
28   NICOLE WATERS UHLMANN

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

nwu@charnleyrian.com
12121 Wilshire Boulevard, Suite 600
Los Angeles, CA 90025
Telephone: (310) 321-4300
Facsimile:   (310) 893-0273

*Attorney for Defendant Mainsail LLC*

ADMINISTRATIVE MOTION OF APPLE INC., ENTERTAINMENT ONE US LP, GOOGLE LLC AND
MAINSAIL LLC TO RELATE CASES
CASE NO. 5:20-CV-01523-BLF