1

2

3                          **UNITED STATES DISTRICT COURT**

4                         **NORTHERN DISTRICT OF CALIFORNIA**

5

6    **MARK MAHON,**                              CASE NO.  4:20-cv-01527-YGR

7                 Plaintiff,

8          vs.                                    **ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION; ORDER RE BRIEFING**

9    **ENTERTAINMENT ONE US LP, ETC.,**
                                                  Re: Dkt. Nos. 78, 79, 83
10                Defendants.

11

12   **To Plaintiff, Defendants, and Counsel of Record in this case and related cases 4:20-cv-01523,**

13   **4:20-cv-01525, 4:20-cv-01527, 4:20-cv-01530, 4:20-cv-01534:**

14          Plaintiff Mark Mahon has filed a Motion for Leave to File Motion for Reconsideration,

15   requesting that the Court reconsider its Order dismissing the case for lack of personal jurisdiction.

16   (Dkt. Nos. 78 ("Mot."), 77 ("Order").)  Reconsideration is an "extraordinary remedy, to be used

17   sparingly in the interests of finality of conservation of judicial resources."  *Kona Enters., Inc. v.*

18   *Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (discussing Fed. R. Civ. P. 59(e)).  Under the

19   local rules, a party seeking consideration must show:  (1) that "a material difference in fact or law

20   exists from that which was presented to the Court before entry of the interlocutory order for which

21   reconsideration is sought"; (2) "[t]he emergence of new material facts or a change of law

22   occurring after time of such order;" or (3) "manifest failure by the Court to consider material facts

23   or dispositive legal arguments which were presented to the Court before such interlocutory order."

24   Civ. L.R. 7-9(b).  A party may not repeat previously made arguments.  Civ. L. R. 7-9(c).

25          Here, Plaintiff does not specifically address these standards, but argues that the Court's

26   decision is "manifestly unjust" because "the Court did not specify that it wanted specific elements

27   of the provisions explained to it," and he was prepared to do so at oral argument.  (Mot. at 3-4.)

28   This does not warrant reconsideration for two reasons.  First, as Plaintiff acknowledges, he made

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1

this argument previously.  During the motion to dismiss briefing, Plaintiff argued that his claims

2

against Defendants required interpretation of the indemnification and financial terms provisions of

3

Defendants' agreement with Google LLC, which included a forum selection clause.  (*See* Dkt. No.

4

69.)  The Court rejected the argument because Plaintiff had not explained how his claims would be

5

affected by these provisions.  (Order at 1.)  Second, reconsideration is unlikely to change the

6

outcome here.  The indemnification and financial term clauses concern *Google's* claims against

7

*Defendants*, not *Plaintiff's* claims against either *Google* or *Defendants*.  As such, the Court did not

8

fail to consider material facts previously presented to it.

9

Accordingly, the Court **DENIES** Plaintiff's motion for leave to file a motion for

10

reconsideration.[1]  The Court further addresses the excessive briefing in this case:  Defendants have

11

filed an opposition (Dkt. No. 81) and Plaintiff has filed a Reply (Dkt. No. 82.)  The local civil

12

rules do not contemplate an opposition to a motion for leave and certainly do not contemplate a

13

reply.  *See* Civ. L.R. 7-9(d).  Moreover, Plaintiff has filed a declaration improperly raising

14

arguments.  (Dkt. No. 86.)  Accordingly, the opposition, reply, and declaration are stricken as filed

15

in violation of the rules.

16

Further, the parties in this and the related cases have taken liberties with the rules and are

17

prone to excessive, unwarranted, and in this Court's view, unauthorized briefing.  Accordingly, it

18

is **HEREBY ORDERED** that if a motion is filed**, no party shall file supplemental briefing** or it will

19

be stricken automatically.  Thus:

20

   1.  Motions for leave shall be limited to one filing.  No opposition or reply may be

21

      filed.  No supplemental briefing may be filing unless expressly ordered by the

22

      Court.

23

   2.  Administrative motions shall be limited to one motion and one opposition.  No

24

      reply may be filed.  No supplemental briefing may be filing unless expressly

25

      ordered by the Court.

26

27

28

---

[1] Plaintiff's motions to seal (Dkt. Nos. 79, 83) are **GRANTED**.  The redactions concern terms in a confidential agreement that could be used to harm competitive standing.  (Dkt. No. 80.)

3.  Properly noticed motions shall be limited to one motion, one opposition, and one reply.  No supplemental briefing may be filing unless expressly ordered by the Court.  No motion for leave to file supplemental briefing or evidence may be filed.

This Order shall apply to the related cases:  4:20-cv-01523, 4:20-cv-01525, 4:20-cv-01527, 4:20-cv-01530, 4:20-cv-01534.  The clerk shall post a copy in each docket

Failure to abide by this Order will result in appropriate sanctions.

This Order terminates docket numbers 78, 79, and 83.

IT IS SO ORDERED.

Dated: April , 2021

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

United States District Court
Northern District of California

3